Minshall, J.
We do not differ with counsel for the defendant as to the legal effect of the transfer of the property made by Roth to Robertson, February 18, as agent of the insurance company. Having been made in contemplation of insolvency it became at once a trust for the benefit of all creditors of Roth according to the amount of their claims. This is too well settled by the decisions of this court to admit of dispute. Dickson v. Rawson, 5 Ohio St., 218; Brinkerhoff v. Smith, 57 Id., 610; Lee v. Hennick, 52 Id., 180; Maas v. Miller, 58 Id., 483; Gashe v. Young, 51 Id., 376. The question, however, presented in this case is not what was the legal effect on the property transferred, as found to have been made, but what individual liability, if any, attached to Robertson to whom it was made in the first instance? It was made to him for the benefit of another. Hid the law impose on him the legal duty of retaining the porperty and administering it for the benefit of all the creditors; or might he renounce the trust before any steps had been taken by creditors and restore the property to the assignor? We think he could, and -without making himself individually liable to anyone. The statute it will be observed imposes no such duty on the party to whom such an assignment is made. The duty of the probate court to act by the appointment of a trustee, arises only when a transfer has been declared by the proper court at the suit of a creditor, to have been made in trust to prefer one or more creditors (clause in section 6344, Revised Statutes ) ; and its duty then is to appoint a trustee to .administer the property for the benefit of all creditors. . By such judicial action the property is taken *497 from tlie hands of the person to whom the assignment was made, and placed in the custody of a trustee appointed by the court; and all the rights and duties of the party selected by the debtor in respect to the property are terminated. This judicial action consummates the transaction as an assignment for the benefit of creditors; but without doubt relates back to the assignment made to prefer creditors, as against all who take with notice of the facts. The right then of one who has taken an assignment in trust to prefer one or more creditors to renounce the transfer and restore the property before any proceedings are commenced by a creditor, would seem clear, or even afterwards, as such renunciation would be no impediment to the rights of creditors in pursuing the remedies provided them by statute. After the transfer has once been made with intent to prefer, a trust is impressed on the property in favor of the creditors that cannot be affected by anyone. Its trust character follows the property into whose ever hands it may come with notice. It can be established, and the requisite judgment had as to its character, whether the party to whom the assignment was made retains possession of the property or not. His restoring the property in no way affects the character of the trust that had been imposed on it by law; and would seem to be in harmony with the spirit and policy of the statutes. It amounts to no more than a renunciation of a trust forbidden by law, without affecting the rights of general creditors arising from the transaction.
Inasmuch, therefore, as Robertson, as soon as his acts were disaffirmed by the company, restored the property and renounced any claim to it, we are unable to see the justice or necessity of holding him for the value of it. What did the creditors lose thereby? *498 Nothing. The trust imposed upon the property remained unimpaired; and also the right of any one of them to commence a suit in the proper court, making necessary parties, to have the character of the transfer ascertained and determined, and a trustee appointed to administer the trust. Whether Robertson retained the property or not in no way impaired this right. If he had retained the property or disposed of it, other than by restoring it to Roth, a different case would have arisen. In such a case he might well have been required to account for it, or its value. This is fairly deducible from accurate principles as well as from the following cases: Swift v. Holdridge, 10 Ohio, 230; Hallowell & Co. v. Bayliss, 10 Ohio St., 536, 543; White v. Brocaw, 14 Ohio St., 339, 341; Starr v. Wright, 20 Ohio St., 97, 107. That these cases relate to instances' where there had been a fraudulent conveyance does not affect the principle on which they proceed. So far as moral turpitude is concerned, there is little or no difference between one who takes a conveyance in fraud of creditors and one who takes a conveyance in trust for the benefit of one or more creditors; either in law is a fraud on general creditors. So that if a fraudulent grantee may, by restoring the property, avoid being held as a trustee, there is no reason why a fraudulent grantee in trust, may not avoid being held liable to general creditors by restoring the property and renouncing any claim to it as trustee or otherwise, especially where his act is not shown to have worked any prejudice to other creditors.
The purpose of the statutes requiring conveyances in fraud of creditors to be set aside at the suit of any creditor, and such as are made to a trustee to prefer one or more creditors, to be declared for the benefit of all creditors, is not to inflict punishment or pen *499 alties on any of the parties, but to deprive them of the advantages thereby sought to be attained; neither the fraudulent grantee nor the preferred creditors are deprived of their rights as general creditors. Pendery v. Allen, 53 Ohio St., 251; Jaminson v. McNally, 21 Ohio St., 295.
Such assignments are not within section 6335, Revised Statutes. Assignments within this section are voluntary assignments, made for the benefit of all the debtor’s creditors. Those provided for in sections 6343 and 6344 arise from operation of law contrary to the purpose of the parties; and there is no authority in any court to administer them for the benefit of all creditors until their character has been determined and declared by a proper court. The probate court has no such power. In Wambaugh, Trustee v. Insurance Co., 59 Ohio St., 228, the assignment was on its face a voluntary one and expressed to be for the benefit of all the assignor’s creditors, and is not at variance with the views here expressed.
Our attention is called to what is said in Brinkerhoff v. Tracy, 55 Ohio St., at p. 572, that “The legal duty of the trustee, Brinkerhoff, was, under the circumstances, disclosed by the petition, to have filed the agreement with the mortgagor in the probate court, and have had the trust administered as an assignment for the benefit of all the creditors of the plaintiff; for such, in law, was its legal effect.” This was a suit to recover damages for the failure of the trustee to carry into effect the provisions of a mortgage given for the benefit of certain of the plaintiff’s creditors. It was regarded as against public policy, and a recovery was denied. The language was not material to the determination of the question, was made without proper consideration, and is mere obiter.
*500 There seems to have been a defect of necessary parties to the suit, as the insurance company, one of the real parties, was not made a party. But as it is our judgment that Robertson should have been dismissed as prayed for, it is not necessary to consider the question.

■Judgment reversed, and judgment for Robertson.